Oh yay, oh yay, oh yay. All persons having any manner or form of business before the Honorable United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Well, good morning everybody. Welcome to the Fourth Circuit, the virtual Fourth Circuit this morning. We're here for the bail appeal of United States v. Vane. Mr. Ellis, whenever you're ready. Thank you, sir. May it please the Court, Your Honors. Judge, Justice Gorsuch wrote, there's no need to consult extra textual sources when the meaning of a statute's terms is clear, nor may extra textual sources overcome those terms. That's essentially our argument for the Court this morning, that the Bail Reform Act does not authorize the government to proffer information to support detention. Our argument is that the District Court erred by allowing the government to proffer facts and using proffered information to support a finding of detention over the defendant's objection. That is a clear error because it is an error in the application of, excuse me, the application of an incorrect legal standard. And the Court has the power to correct the application of an incorrect legal standard, nor does the Court have to defer or defer to the findings of the District Court if it applied an incorrect legal standard. Mr. Ellis, can you, Mr. Ellis, I'm sorry to interrupt, but can you think of any good reason why Congress would have affirmatively allowed the proffers with respect to the Bail Act in the D.C., in the District of Columbia, and yet enacted a very different statute for federal offenses? Can you tell me why Congress would have done that? Well, Judge Diaz, I think that the Congress, when they enacted the Bail Reform Act, had a very clear example in the D.C. Code that under the law in D.C. at that time, the courts could accept proffers to satisfy the government's burden. Well, I agree with that. I completely agree with that. So the question is, why would Congress have enacted an entirely different scheme for federal offenses? I suppose we could get into their intent, Your Honor. I guess the text is clear that the defendant is allowed to proffer information under the Bail Reform Act. To answer your question, perhaps Congress wanted to give the defendant who had just, you know, ostensibly just been arrested and taken into custody and brought into federal court, wanted to give him some modicum of cross-examination or some way to test the government's evidence, because liberty is such an important issue in our society, in our community. And so perhaps they thought that... Is it any less important in the District of Columbia? No, sir. But again, the District of Columbia's, you know, legislative body determines what's appropriate, or excuse me, that Congress determines what was appropriate for the D.C. court is separate and apart from what Congress actually did in the Bail Reform Act. And what Congress did in the Bail Reform Act was they sampled... So, and I understand your point about the text, and I get that. It is odd that it is silent with respect to proffers, allowing the government to make proffers. But to the extent that we can rely on legislative history, doesn't the legislative history suggest that text notwithstanding, Congress never intended to allow a one-sided offer of proffers in this context? Well, Your Honor, text notwithstanding is a very important part of this appeal. But to answer your question, because we think the text is very clear, Congress, I would say the way they wrote the Bail Reform Act would lend support to the defense argument, the appellant's argument in this case, because Congress had a clear provision in the D.C. Code that allowed the court to satisfy its burden through use of proffered evidence by the government. Congress did not adopt that provision in the Bail Reform Act. And in writing the specific provisions regarding a detention hearing in subsection F of 3142, they wrote it a very specific way to allow the person, the defendant, to proffer information. And specifically... Let me take you to that text. It seems to me that maybe we're looking at it a little bit from a different angle. The provision says, at the hearing, such person has a right to be represented by counsel, and then it goes on and provides those various rights, call witnesses, cross-examine, and to proffer evidence. Those are the rights given to the person, the potential defendant, right? Yes, sir. Your argument is because that is not provided with respect to the government, there's a negative pregnant that the government doesn't have those rights. That's correct. That's correct. All right. So if we follow that through, that means that the government could not present witnesses, could not cross-examine witnesses, and could not present information by proffers. That's what you have to conclude. You're trying to conclude that because the defendant, or I'm going to call him the defendant for convenience, because the defendant is given those rights, and it's not specified for the government, therefore the government doesn't have those rights. But you're isolating just the proffer part without recognizing that it's a list of rights that are afforded the defendant. It is, Judge, a list of rights afforded the defendant, and in that list of rights, it contemplates that the government will be presenting witnesses at a detention here. No, you can't read it that way. In other words, your argument is structurally, as a matter of text, because it's silent as to the government, but it provides those rights as to the defendant, the government doesn't have those rights. It's a negative pregnant you're arguing, and my point is you can't just take one aspect of the sequence and argue that the government doesn't have a right to proffer. You have to also conclude with that supposition that the government doesn't have the right to present witnesses or to cross-examine witnesses. Well, respectfully, Judge, I don't think that's correct because a few sentences later, it's clear that the government's burden shall be made by clear and convincing evidence. Well, of course, that's irrelevant. We're trying to take into account what is the evidence that the court receives, and the court can clearly receive proffers from the defendant. But the notion is, in setting out this whole detention process, this sentence is giving the defendant his rights. It is not defining the government's role or what the government does. It's giving the defendant his rights. And in doing that, it says he has the right to present witnesses, cross-examine witnesses, and to proffer evidence. And in that regard, your argument is because the statute designates that for the defendant, but not the government, therefore the government doesn't have those rights. But it doesn't follow, number one, because the government doesn't have rights. The government has the obligation for prosecution, and the whole role of that sentence is to identify the rights that the defendant has. But the very next sentence, it talks about information, and information is a broad term, which clearly Congress intended to mean witnesses, cross-examination of witnesses, and proffers. And it doesn't define what the government can do because the government has a prosecutorial obligation. What it does do is define the rights that the defendant has, including the right to counsel. I mean, we have to remember he's there, number one, on probable cause. Number two, he has counsel. Number three, he has a right to call witnesses and cross-examine witnesses. But he can't mandate that the government produce witnesses. And that doesn't suggest it. What your argument is, because it's listed for the defendant's rights, the government has an obligation not to use proffers. But if that's so, then you have to take the whole sentence, because then the government doesn't have a right to put in witnesses or to cross-examine witnesses. And that, of course, is an absurdity. Well, of course, Judge. But again, that's not the appellant's reading of that statute. The appellant's reading of the statute is, yes, it gives the defendant his rights, one of which is to proffer information at such hearing, but he's also able to cross-examine them. You pull out one cherry out of the bowl. And the point is, it defines the sentence says, at such hearing, the person has the right, and then it goes on and lists all the rights that he has. Now, you're arguing because that right includes the right to proffer, and it doesn't say anything about what the government has a right to do, that therefore the government doesn't have that right. But if you say that, then you have to say the government doesn't have the right to counsel. The government doesn't have the right to present witnesses. The government doesn't have a right to cross-examine. That's the negative pregnant of that sentence. And it just doesn't follow textually to say that. Well, yes, Judge. But if we read it as allowing for both parties, then- It doesn't allow for both parties. It addresses the right of the person being detained. It doesn't talk- That provision- No, that means he can proffer. The government's going to proffer, and he can counter-proffer. He doesn't have to put on witnesses. That's what that says. Congress could have easily written the rule to say the parties shall be afforded, or the government and the defendant- This is not identifying the party's rights. It's nonsensical to tell the government it has a right to counsel. It's nonsensical to tell the government it has a right to present and cross-examine witnesses. In other words, the whole point is to identify what the defendant has to do or has rights to do. And I think it's a way over read to say because they stated the rights of the defendant, therefore the government doesn't have those rights. It doesn't make sense because we're not talking about the government's rights. Government doesn't have rights in this. The government has duties and obligations. That's exactly right. That's exactly right, Judge. And this sentence defines the rights, which includes the very easy right to present proffers, which favors the defendant. That's exactly right, Judge. And the duty of the government in this case is to meet their burden through clear and convincing evidence, not through information. Well, no. You're reading evidence to suggest that it excludes proffers. But clearly, if proffers are not evidence, then the proffer up above that the defendant can put in is meaningless. It means that after the defendant proffers, then the court takes into account all the evidence is received through proffer or otherwise. And it has to be clear and convincing. But the court, the rule clearly says in two different places, the determination has to be made on the information provided. That's both in F and both in G. The rule has to incorporate the defendant's ability to proffer information. The defendant who has just been taken into custody, who may not have access in time to prepare all the materials and information that he needs in to adequately litigate his bail hearing. The government's in the same posture. Government doesn't have all the stuff. All the tests haven't been done in the labs. And this is clear in the cases. But the statute also provides that the defendant or the person being detained can reopen with new information. This is a very quick upfront process. In other words, this guy, defendant, is picked up on the street with probable cause or he's arrested pursuant to probable cause. And he's before his first appearance. And his first appearance, as you know, is way up front. And at his first appearance, this process has to take place. And of course, nothing's developed at that time. There's probable causes developed and both sides traditionally present proffers. And in this particular case, it was quite a bit. You cross-examined. They had documents. They had pictures. They had emails. They had photographs. And they had the complaint under oath and these types of things. And you proffered some stuff, too, with respect to experts and as to the toxicity of ricin. And the court considered all that. And which is typically the case in the Eastern District of Virginia. I've never been a part of a preliminary hearing, detention hearing that didn't involve a government witness. And this precisely why the practical implication the government argues is non-existent. They always bring a witness to a preliminary hearing. And since that witness is not bound by the rules of evidence and can testify as to written testimony, can testify as to hearsay, what he learns from other law enforcement agents, can testify to all manner of evidence that's not constrained by the actual rules of evidence, the burden on the government is really not that great. Mr. Ellis, can I ask you about that? So that's a good point. And in this case, as I recall, you or I think your colleague insisted on having the agent appear both for the probable cause portion of the hearing, primarily in the detention hearing. And as you say, that agent, I suppose, could have been fed a bunch of this information secondhand. But if that's the case, then what's the value of cross-examination in that context? If most of the information is in fact hearsay or would otherwise not be competent through a single witness at trial? Well, Judge, I don't think he appeared at the district court proceedings and testified, but he did testify in the magistrate court. There was a transcript of that. There was a transcript of that. And the benefit is that it gives the defendant some modicum of cross-examination to test the government's evidence on detention. And in this case, at the preliminary hearing, the defense was able to test the fact that the agent didn't know the timing of when this substance was made, didn't know how long it had been there, didn't know the toxicity. The government was able to proffer facts regarding the toxicity and the harm the substance could allegedly cause without the defense being able to ask any questions of any kind to test those allegations. Well, you did ask questions. You asked questions about the toxicity, the tests. The agent said he didn't know at that point. They hadn't completed a lot of the lab tests. The agent talked about how this was in the, what was it, a kitchen, a storeroom, and described the location and described what was seen. And you asked a lot of questions about that. In that case, Judge, I was referring to in the district court, there were additional proffers that were made through the government pleadings and the government's argument in the district court where the witness wasn't called. But they also proffered that Mr. Vane allegedly posted a fake obituary online, that Mr. Vane allegedly had plans to fake his own death, that he had made preparations to leave his home as survival reviewer. None of that information could be tested through any type of cross-examination or any type of probing by the defense. But you could stand up and proffer, proffer what your response to that was. You could say, that was not so, or I did it because, he says he did it because of this. You could provide all those explanations to the court. This process is a very, very upfront process without any preparation, sometimes with only a few hours. And the notion is, should a person, the court has to make a determination of whether the person can be detained and needs to be detained at that point. And we have all the burdens and the presumptions and so forth on that at that point. But the whole point I'm making is, this is a very early process and much of the evidence hasn't been developed or finalized or even collected. They collected a lot of evidence and hadn't even gone through it, he said. Well, and I understand that judge, but again, going back to the text of the rule, our argument is, the text of the rule requires the government to meet their burden with evidence. And the rule clearly makes, points out that proffers are evidence. Well, no, your honor, I would respectfully disagree. Then your proffers that are given to you, the defendant in that one sentence is meaningless. The idea that you can present proffers has to be meaningful and it has to be the type of evidence that the court can consider. Well, we quoted the Reed case in our brief, your honor, and argument is proffers by definition are not evidence, are not facts. Then give me this explanation. If you have the right to do proffers, if you have the right to do proffers, why is it meaningful if the court can't consider it? I think I'm out of time, judge, and judge Rushing, I saw- Yeah, could you answer just that question, please? Yeah, yes. Could you repeat that question, judge? I'm sorry. My question is if the defendant is given the right to proffer, why is that meaningful at all if it's not evidence? Your honor, because it gives the defendant some ability to counter information or evidence that's offered by the government. And I'm sorry, Judge Rushing, I saw your question. I apologize. It's along the same lines. Does the district court or the magistrate have to consider your proffer? I think the district court or the magistrate judge has to consider the proffer in relation to all the other evidence and information- If it's not evidence, counsel, if it's not evidence, according to you, if it's not evidence and the burden has to be met by clear and convincing evidence, then it would seem the court cannot consider it under your rule, right? Well, the government's burden must be met by clear and convincing evidence, judge, but- By weighing one side against another. And if the proffers aren't evidence, then your rule means the court can't consider it. The proffer of information is a different category of information at a detention hearing that the defendant can offer without having to testify, i.e. through his counsel. It could be considered by the court. It could be disregarded by the court. It could be weighty enough that the court could consider the government's burden has not been met. No, it can't. According to your rule, if clear and convincing evidence means the court can only consider evidence from the government, it can't consider proffers, then it can't weigh your proffer against evidence, right? You have a problem here in addition to the problem Judge Niemeyer was pointing out, which is that nothing in the text of the statute says anything about how the government can present information. So, I'll let you stop because I guess that we've run out of time, but you'll have some time on rebuttal in a minute. All right, thank you, Mr. Ellis. Ms. Bechara? Good morning, and may it please the court. Jacqueline Bechara for the United States. The court should reject the defendant's invitation to create a circuit split because neither the text nor the legislative history of section 3142 supports his interpretation. Instead, the best reading of the statute is that it leaves to the court's discretion to consider information proffered by the government at a detention hearing, and then if the court determines that the proffer is insufficient, the court can require live witness testimony. I'll turn first to the text of the statute, which, as you all have observed, is silent as to how the court should proceed at a detention hearing. It speaks broadly about the information that the judge should consider in making a detention determination. As Judge Niemeyer observed, both 3142F and G use the word information, right? The rules of evidence do not apply to the presentation and consideration of information at a detention hearing. Further, Congress instructed the judge to consider all available information regarding the detention factors under 3142G, and the text of the statute simply does not support application of the expressio unius canon. It just does not indicate that Congress intended to abandon the long-standing practice of government proffers. If you applied that doctrine in this case, it would mean that the government couldn't put on witnesses. That's correct, Your Honor. I mean, because that sentence can't be parsed. If you're going to read that because Congress stated it for the defendant, it therefore excluded it for the government, that's the principle he's trying to invoke. If that's so, then the government can't do any of that stuff. That's the logical implication of the defendant's reading of the statute, yes. So, do you read the counsel evidence as a different kind of animal in this context to include proffers? I mean, when we typically think about evidence, we think about evidence that's admissible in court, but this is a much broader definition in your mind? It is a broader definition, and Congress made that explicit by saying that the rules governing admissibility of evidence in criminal trials simply do not apply at detention hearings. So, is there a distinction between evidence, information, and proffers, or are they all one and the same? I believe that under, at least for purposes of a detention proceeding, proffers are one type of evidence that the court needs to weigh in balancing the presumption and then weighing the detention factors. Isn't evidence really any information that tends to prove a fact one way or the other? Yes, Your Honor, and proffers are just- And a proffer, if the court accepts the proffer, I mean, the court has a lot of discretion, and if the proffer is absurd or off the wall, the court's not going to accept it, but if the court receives information that's proffered through counsel, it can be tested against other proffers made by other counsel and through argument and logic and common sense and the evidence that is before the court in terms of what's collected from the scene, from the arrest, from the probable cause, and all the other matters that are before the court. Yes, Judge Niemeyer, the proffer is just a representation of what the evidence will ultimately show, and as you identified, the judge, if they determine that the proffer is not sufficient or not reliable or there's some other issue, can ask the government to introduce live witness testimony to meet its burden. You know, I'm troubled by the notion that we should go to legislative history in this case. I mean, it seems to me that the legislative history gets into all these arguments about the D.C. Court, and, of course, there are indications in the legislative history that are murky, unclear. It seems to me that a straightforward reading of Section F really indicates that the sentence on which the defendant in this case is relying is really an itemization of the rights that the defendant has at such a hearing without indicating any rights of the government. The government doesn't have rights, and so the whole sentence cannot be parallel in that sense. I mean, he seems to suggest that because the rights of the defendant or the person being detained are identified, therefore the rights of the government somehow have to be identified, but I don't think that follows, and especially doesn't follow under the rules of construction where the government has duties and obligations and the defendant has rights. I agree with you, Judge Niemeyer, and this is not consistent with other cases where courts have applied the expressio unius canon, right? We don't have a sentence in the statute that says the government can do A, B, and C at a detention hearing, which omits the ability to proffer, which might support the defendant's interpretation. Here, it's just silent as to how the government must proceed at a detention hearing, and there's no reason to read a sentence providing affirmative procedural safeguards to the defendant as saying anything about how the government can or should proceed at a detention hearing. Now, I appreciate your point that maybe the court doesn't need to resort to the legislative history, but in previous cases, this court has supported its rejection of that negative inference by looking at legislative history showing that Congress didn't intend to create this negative inference. Well, I know you've got a lot of cherry-picked items in the legislative history, but our review of it shows that there are some countervailing questions as to what was intended, and I think it seems to me it's hard to read Section F to say that the government cannot proffer, and so we just go on to the historical purpose for detentions. Detentions are conducted with detention hearings within hours of a person being picked up or arrested, and within hours, we don't have much of a developed record, and we can't apply the rules of evidence. At best, we can talk, both sides can predict where things are going, and that's what happens at detention, and it's always subject to review, and it's always temporary, and it's always supported by probable cause. So all of those things are aspects of fairness at this stage of the proceeding, and of course, in this case, this is pretty indicative, the defendant asked for a rehearing, the court reconsidered it, and now we have an appeal where we can reconsider it again, and of course, if he's been improperly detained or the judgment is wrong, we can release him on bail, and that's clearly a possibility here, but all of this is a level of fairness at this stage of the proceeding that would be totally undermined if you imposed on the government the duty to put in evidence of some kind, a more substantial kind, have to bring witnesses. They don't even have all the witnesses. The lab people maybe haven't tested anything yet. So what we're doing is we would be making a very important decision preliminarily, both for the life and liberty of the person, but also the safety of the community, and that's what the court is making a judgment about, and of course, whether the defendant will flee. The government agrees with what you've said, Judge Niemeyer. I'll just add in terms of the practical ramifications. I know you'd like us to look at the legislative history, and we, of course, could. Well, I'm happy to address it if that would be helpful for the court. I'm fine, thank you, unless some other judge requests. Do you have anything further, Mr. Chair? Unless the court has further questions, we ask that you affirm. Thank you very much. Mr. Ellis? I'd like to just go back briefly to Judge Rushing's last question. I think subsection G is what requires the court to consider all available information and the weight of the has presented. So, subsection G basically takes into account the information that the defendant is entitled to proper under subsection F. Of course, subjection F says that the court is to consider information at the hearing. It uses the word information in F too. That's correct, Your Honor, and again, at the same time, noting the government's burden is by and convincing evidence. I would note for the court, Judge Niermeyer, you say that these sometimes happen within hours and nothing's ready yet. The statute also builds in a continuance for good cause, and that continuance on behalf of the government can go longer than it's allotted three days if it shows good cause for that continuance. So, coming up with one witness, maybe two. Sure, that's important. That's just another protection for the person detained. In other words, the idea is to give this person detained as many rights as can be given consistent with the circumstances. So, he's given the right to counsel this very early on in the stage. He has to be subject to probable cause arrest at this point, and he has the right to present and he has a right to proffer. These are things, and he has a right to reopen. That's a big right, and as you point out, a right to continuance. These are all positive things that suggest the process is as fair as can be at this stage of the proceedings. I was referring to the government's right to a continuance based on good cause for longer than three days. The government has a shorter time. The defendant has a longer time, but they both have a right for continuance. I believe that's my time, Judge. I would just close. If you have anything else, I'll give you up, and Judge Rushing apparently has a question. Go ahead, Judge Rushing. Yes, Judge Rushing. I didn't see in your brief any discussion of whether you think the government has a right to cross examine at this hearing. What's your position on that? Our position would be that if the defendant presented witnesses at this hearing, the government would be permitted to cross examine those witnesses. Where does the statute give the government that right? Well, it doesn't. It's silent as to several of the government's rights at that hearing, but it specifically does not authorize them to proffer. Where does it specifically not authorize them to proffer? Well, it just doesn't say that. It's silent, right? It's silent, just like it's silent about cross-examination. That's correct, Judge. Thank you. In close, I would just note or just quote Judge Gorsuch one more time and say courts may not favor historical practices instead of the laws passed by Congress, paraphrasing. Thank you for your time, Your Honors. Thank you, Mr. Ross. Good job. I just want to tell you. I would agree with that. Thank you both for being here this morning virtually for your fine arguments that were very helpful to the court. We'll take the matter under consideration and deliberation and issue a decision as quickly as possible. Thank you both. We've come down, but we can't greet you personally, but this is the best that we can do. So have a fine rest of the summer. And again, thank you for being with us. Thank you. Madam Chair. Thank you, Your Honor. This concludes the Hearing of the Judge of the United States and the Honorable Court.
judges: Albert Diaz, Paul V. Niemeyer, Allison J. Rushing